# Thomas *v.* The State.

### Adultery and Fornication.

#### (Decided June 4, 1908.   46 South. 757.)

*Bill of Exceptions; Time of Signing; Jefferson Criminal Court.—.* The Act of Feb. 18, 1891 (Acts 1890-91, p. 915) provides that the Jefferson Criminal Court shall hold three terms beginning in January, April and September, each term of which must adjourn ten days before the beginning of the next term.   The Act of Dec. 9, 1884, provides that the laws of a general character relating to bills of exceptions shall be held to apply to the Jefferson Criminal Court. Held, that under these provisions, an order made after the term of this court at which the trial was had, extending time for signing bill of exceptions, is void and a bill so signed cannot be considered.

APPEAL from Jefferson Criminal Court.

Heard before Hon. DAN A. GREENE.

G. L. Thomas was convicted of living in adultery or fornication, and he appeals.   Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State.   What purports to be a bill of exceptions in the record, cannot be considered as it was not signed within the time allowed by law.—*Wright v. The State,* 136 Ala. 50.

SIMPSON, J.—The appellant was convicted, in the criminal court of Jefferson county, of the offense of liv-

[Thomas v. The State.]

ing in adultery or fornication. He was convicted on the 29th day of October, 1907, and sentenced the 23d day of November, 1907. The record does not show any order, at the term at which the conviction was had granting any time for signing a bill of exceptions. There appears in the record an order by the court, dated January 23, 1908, "that the time for filing the bill of exceptions  *  *  * be and the same is hereby extended 60 days." . The bill of exceptions was signed March 20, 1908. ·

Section 17 of the act "to establish the criminal court of Jefferson county," approved December 9, 1884, provides "that all laws of a general character regulating *  *  *  bills of exceptions and appeals to the Supreme Court  *  *  *  shall be held to apply to the court herein and hereby established." Loc. Laws Relating to Jefferson County, p. 605. The same act, as amended by the act approved February 18, 1891, provides that the terms of said court shall commence on the first Mondays in January, April and September, to continue until disposition is made of the business, "provided said court adjourns ten days before the beginning of the next ensuing term." Acts 1890-91, p. 915. So the term of the court, and consequently the time for signing the bill of exceptions, had expired before the order extending the time was made. Therefore the bill of exceptions cannot be considered, and, there being no error on the record, the judgment of the court is affirmed.

Affirmed.

TYSON, C. J. and HARALSON and DENSON, J.J., concur.